504 P.2d 1378

Robert D. NORTH et al., Plaintiffs
and Respondents,

v.

Mearle Clyde MARSH, Sr., et al., Defend-
ants and Appellants.

No. 12929.

Supreme Court of Utah.

Jan. 4, 1973.

William D. Marsh, Ogden, for defend-
ants and appellants.

Walter G. Mann, Brigham City, for
plaintiffs and respondents.

CROCKETT, Justice:

This controversy is over the right to the
use of waters which accumulate in what is
known as Holmes Canyon in the west face
of the Wasatch Mountains just south and
to the east of Willard, Box Elder County.
Defendants, who own a tract of about 160
acres bordering on the south city limits and
extending to the entrance of the canyon,
claim an ancient appropriation to beneficial

use.[1] The plaintiffs, several owners of lands to the west, claim the waters through duly established rights in springs, wells and collecting reservoirs, which they use for culinary and farming purposes. Upon a plenary trial the court found the disputed issues in favor of the plaintiffs and granted their requested injunction against the defendants from diverting and using the waters in question. Defendants appeal.

■ Due to the presence of what is known as the "Wasatch Fault" which runs north-south under the west face of the mountains, and to the erosional deposit of rocks and gravel in an alluvial fan at the mouth of the canyon, the waters which flow therefrom sink into the ground within about twenty-five feet of the canyon's mouth. Defendants presented testimony of an expert concerning the placement of 4000 grams of flourascein dye in the waters in Holmes Canyon; that the dye showed up in the water sources of the plaintiffs (except one static well); that in his opinion the waters of the Holmes Canyon supplied plaintiffs' water sources; and that the diversion of the surface waters at the mouth of the canyon would diminish the water in plaintiffs' sources. We have rec-

ognized that such diminution of the quantity of water in established water rights is actionable.[2]

The defendant Mearle C. Marsh acquired his property in 1936. He bases his claim of ancient appropriation of the waters to beneficial use prior to the water filing act of 1903 and subsequent diligence in the use of such waters on a filing of a statement of such claim with the state engineer in 1965. He was born in 1896 and testifies to memory of diversion of the water in his early boyhood (1905 to 1910) and since that time. However, without setting forth the detail thereof, it can be said that there is adequate foundation in the evidence to support the view adopted by the trial court that any use of the water by the defendants (or predecessors) was sporadic and abortive, and to support the findings he made: that neither the defendants nor their predecessors in interest had established any diligent rights to the use of the waters; and that if any ever existed, they had been abandoned by non-use.[3]

■ It is true as defendants argue that this proceeding for an injunction is in equity, in which the court may review the evidence, and make its own findings

---

1. That is, by the appropriating and putting waters to a beneficial use prior to the Water Filing Act, Sec. 72, Ch. 100, S.L.U. 1903; see review of our water laws in Little Cottonwood Water Co. v. Kimball, 76 Utah 243, 289 P. 116, and Wellsville East Field Irr. Co. v. Lindsay Land & Livestock Co., 104 Utah 448, 137 P.2d 634.

2. See Wrathal v. Johnson, 86 Utah 50, 40 P.2d 755.

3. Sec. 73-1-4 U.C.A.1953 provides for loss of water rights if not used for a period of five years.

and decree.[4] Nevertheless, because of the prerogatives of the trial court as the primary finder of the facts, and the advantages in his position in immediate contact with the parties and the witnesses, it is the well-established rule of review that we give some deference to his judgment as to the credibility of the evidence and the findings he makes thereon; and that we do not upset them unless the evidence clearly preponderates to the contrary.[5] We are not persuaded that such a circumstance is demonstrated in this record.

Affirmed. Costs to plaintiffs (respondents).

CALLISTER, C. J., and HENRIOD, ELLETT and TUCKETT, JJ., concur.

4. Utah Constitution Article VIII, Sec. 9.

5. Barker v. Dunham, 9 Utah 2d 244, 342 P.2d 867.